# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARYL E. CAMERON, | ) | |
| | ) | Civil Action No. 17 – 816 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| PA DEPARTMENT OF | ) | |
| CORRECTIONS S.C.I. GREENE, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

After reviewing Plaintiff's Complaint, the Court finds that it does not comply with the Federal Rules of Civil Procedure and therefore it is necessary for Plaintiff to file an amended complaint that is in compliance with the Rules and the following instructions.

### **Instructions for Filing an Amended Complaint**

**A.** **Caption and Heading**

Plaintiff must place his full name at the top of the amended complaint. Plaintiff must also add the names of **each** defendant. Plaintiff must name as defendants **only** those persons who are responsible for the alleged constitutional violation(s).[1]

---

[1] Plaintiff must show personal involvement in the alleged wrongdoing by each defendant. *See* Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs"). Plaintiff should also be aware that the "PA. Commonwealth DOC SCI Greene Mental Health Unit" is not a proper defendant, as it is not a "person" within the meaning of 42 U.S.C. § 1983.

1

B.      **Jurisdiction**

Plaintiff must inform the Court why the case should be heard in federal court rather than state court or some other forum. If Plaintiff's action is generally one for a violation of civil rights, 42 U.S.C. § 1983 will normally be the basis for the claim. In order for Plaintiff's action to be heard in federal court under Section 1983, he must be able to show that the defendant(s), at the time of the claims alleged in the amended complaint, were acting under the authority or color of state law.

C.      **Parties**

As the person initiating the lawsuit, Plaintiff must identify himself as such. Also, for **each** defendant named in the amended complaint, Plaintiff should list their current address and description of their employment. In addition, Plaintiff should explain briefly how or in what capacity each defendant acted under authority given to them by state or local government.[2]

D.      **Statement of Claim**

Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated. It is improper for Plaintiff to merely list constitutional rights or federal rights. Plaintiff must provide a description of how the defendant(s) violated his rights.

---

[2] Plaintiff should be aware that neither the Pennsylvania Department of Corrections nor SCI-Greene are proper defendants. They are state agencies that are not "persons" within the meaning of 42 U.S.C. § 1983. *See* Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Furthermore, the Eleventh Amendment to the United States Constitution bars claims for damages against state agencies. *See* Lavia v. Pennsylvania, Dept. of Corrections, 224 F.3d 190, 195 (3d Cir. 2000) ("Because the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, *see* Pa. Stat.Ann., tit. 71 § 61, it shares in the Commonwealth's Eleventh Amendment immunity.") Therefore, in amending Plaintiff should not name these agencies as defendants.

E.  **Statement of Facts**

Plaintiff must provide specific details of precisely how his civil rights were allegedly violated. Plaintiff should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. Plaintiff should clearly describe how **each named defendant** is involved in the alleged constitution violation(s). This description should include references to relevant **dates, times, and locations**. It should explain to the Court what happened by specifically describing **each** defendant's behavior or action and how that behavior or action – or lack of action – resulted in the alleged violations. Plaintiff should not include legal argument in his amended complaint. Citations to case law and other statutes are not appropriate in the complaint, but rather may be included in a response to a dispositive motion or at the time of trial. However, Plaintiff should be specific about the particulars of the event, **each** defendant's misconduct, and how such misconduct resulted in a violation or denial of the civil right at issue.

Where the amended complaint includes more than one incident, Plaintiff should clearly distinguish between them by preparing a separate description – usually a paragraph – for each incident. Each incident should be identified as a separate count, and each count must include appropriate facts and evidence in support of the claims made in the count. Each incident must be clearly and specifically described; it should include the relevant time, date, and location. Each incident description also should clearly identify the relevant defendant and what that defendant's role was in the incident.

**NOTE: THIS SECTION SHOULD NOT JUST BE A CHRONOLOGIAL LIST OF DATES WITH DESCRIPTIONS AS TO WHAT HAPPENED TO PLAINTIFF ON EACH DATE.**

**F.      Injury**

Plaintiff must state as specifically as possible the actual injury suffered from the action of the defendants that resulted in the alleged civil rights violation. Simply stating that his civil rights have been violated is insufficient.

**G.      Previous Lawsuits**

Plaintiff must alert the Court to any other case in which he was a party that may be connected with the case he is now filing. Plaintiff should inform the Court of any and all previously filed cases that include some of the same facts and events he relies on for this case.

**H.      Exhaustion of Administrative Remedies**

Plaintiff should be aware that under 42 U.S.C. § 1997e(a), he must fully exhaust all available administrative remedies before pursuing a civil rights complaint concerning prison conditions.

**I.      Request for Relief**

Plaintiff must describe for the Court the relief he is seeking as a result of this lawsuit. The relief requested must be related specifically to the injury suffered. However, Plaintiff should be aware that 42 U.S.C. § 1997e(e) limits a prisoner's ability to pursue a federal civil action for mental or emotional injuries suffered while in custody.

**J.      Declaration Under Penalty of Perjury**

Plaintiff must sign his amended complaint and file it with the Clerk of the Court. When doing so, Plaintiff is making a declaration under law to the Court that everything in the amended complaint is true. Plaintiff should realize that the Court can order sanctions or penalties for the filing of complaints and pleadings that are frivolous, without merit, based on false or misleading

information, etc. These sanctions or penalties can take many forms including, but not limited to, dismissing the case, assessing fines, and limiting Plaintiff's filing privileges in federal court.

**AND NOW**, this 15th day of August, 2017;

**IT IS HEREBY ORDERED** that Plaintiff shall amend his complaint as described herein and file it with the Court within **fourteen (14) days** of the date of this Order. Plaintiff shall clearly mark his complaint "Amended Complaint". The amended complaint must include all of Plaintiff's claims in this action and should not refer back to the original complaint. If Plaintiff fails to comply with this Order then the undersigned will recommend that this action be dismissed for his failure to prosecute.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Daryl E. Cameron
LM 0524
SCI Greene
175 Progress Drive
Waynesburg, PA 15370