IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARYL E. CAMERON )
)
v. ) CV 17-816
)
CARLA SWARTZ, et al. )

Magistrate Judge Lisa Pupo Lenihan

**OPINION**

**SYNOPSIS**

In this civil action, Plaintiff is an inmate in custody of the Pennsylvania Department of Corrections who is proceeding pro se and in forma pauperis. Plaintiff brings claims against Defendants, who are personnel at State Correctional Institution ("SCI") Greene, pursuant to 42 U.S.C. § 1983; he also appears to assert a common law negligence claim. Plaintiff's constitutional claims are premised on alleged violations of the 8th Amendment right to be free from cruel and unusual punishment. His Amended Complaint describes a scenario in which he was denied a lower bunk assignment, despite having a valid cane pass and lower bunk/lower tier ("LB/LT") status. He avers that he suffered injury as a result, when he fell from a top bunk.

Before the Court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendants' Motion will be granted, and Plaintiff's Amended Complaint dismissed, without prejudice.

1

## I.     FACTS AND PROCEDURAL HISTORY

Plaintiff initiated this action by Complaint against the PA Department of Corrections, SCI Greene, on June 20, 2017. [ECF No. 7]. By Memorandum Order dated August 15, 2017 ("August 15 Order") [ECF No. 13], the Court sua sponte advised Plaintiff that the Complaint failed to comply with Federal Rules of Civil Procedure, and directed him to amend his pleading. The August 15 Order specified, inter alia, as follows:

> Plaintiff should clearly describe how **each named defendant** is involved in the alleged constitutional violation(s)....It should explain to the Court what happened by specifically describing **each** defendant's behavior or action and how that behavior or action – or lack of action – resulted in the alleged violations...Plaintiff should be specific about the particulars of the event, **each** defendant's misconduct, and how such misconduct resulted in a violation or denial of the civil right at issue.

August 15 Order, p. 3 (emphases in original).

Plaintiff then filed the now-pending Amended Complaint. [ECF No. 14]. The Amended Complaint identifies the following Defendants, sued in their individual and official capacities: Carla Swartz, E Unit Manager; Robert D. Gilmore, Facility Manager; Kyle Guth, Health Care Administrator; and Mr. Christinni, Counselor.

Plaintiff's Amended Complaint avers that he has had a cane pass since May 26, 2014, which was issued at SCI Camp Hill and never cancelled; Plaintiff never returned his cane. He further avers that he has had lower bunk/lower tier ("LB/LT") status since August 21, 2014, due to various medical conditions. He avers that "the unit management team," including Defendant Swartz, Defendant Christinni, and non-party Sacks, were all aware of his lower bunk/lower tier ("LB/LT") status. Nonetheless, at SCI Greene, more than once and while housed in various units, Plaintiff was assigned to a top bunk. Leading up to the incident giving rise to this litigation, Plaintiff was released from self-lockup without his cane, although he still had a valid cane pass. On June 30, 2016, Plaintiff was released to EA unit. While in the E unit, he told two

2

non-parties to this action, Sgt. Bowlin and C/O Stickly, about his LB/LT status, and showed them his cane pass; they returned him to H block. Then, on July 7, 2016, Plaintiff was moved back to EA unit. Bowlin "supposedly" had called the medical department, and on July 7, 2016, told Plaintiff that he did not have LB/LT status. Plaintiff was thereafter assigned to a top bunk, and was told that he must comply or receive a misconduct. It appears that at that time, C/O Stickley attempted unsuccessfully to retrieve Plaintiff's cane from his prior unit.

On July 12, 2016, Defendant Swartz noted on her reply to Plaintiff's grievance that Dr. Santos of the medical department had "reinstated" or "renewed" Plaintiff's LB/LT status. The precise parameters of Plaintiff's grievance, to which Defendant Swartz's response related, are unclear. Thereafter, Plaintiff remained in a top bunk. He asserts that on July 28, 2016, while in the EA Unit, he fell from the top bunk, became unconscious, and sustained head and spinal injuries. The structure of Plaintiff's allegations, while not clear, suggests that he filed a grievance based on the incident.

In sum, the kernel of Plaintiff's Amended Complaint rests on his allegation that from July 12, 2016 to July 28, 2016, "everybody" was aware of his LB/LT status yet denied him appropriate bunk placement. This circumstance, he alleges, violated his constitutional rights and resulted in physical injury.

Defendants have filed a Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF No. 19]. Plaintiff has filed a Brief in opposition to the Motion. [ECF No. 22]. In the caption to Plaintiff's Brief in opposition, Sgt. Bowlin is listed as a Defendant. Moreover, the Brief identifies a claim pursuant to the Americans with Disabilities Act, and raises a claim of discrimination.

3

II. **LEGAL STANDARDS**

   1. **Rule 12(b)(6)**

Under Rule 12(b)(6), a complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). When considering a Rule 12(b)(6) motion, the court does not assess whether a plaintiff might prevail on the merits; instead, the court must accept all well-pleaded factual allegations and view them in a light most favorable to the plaintiff. Papurello v. State Farm Fire & Cas. Co., 144 F. Supp. 3d 746, 760 (W.D. Pa. 2015).

Our Court of Appeals has explained the applicable standard as follows:

> A complaint may be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted"...."To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although the plausibility standard "does not impose a probability requirement," it does require a pleading to show "more than a sheer possibility that a defendant has acted unlawfully." ... The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Connelly v. Lane Constr. Corp., 809 F.3d 780, 786-87 (3d Cir. 2016) (citations omitted).

In light of Supreme Court pronouncements in Twombly and Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)), a court must determine the sufficiency of a complaint as follows: "tak[e] note of the elements [the] plaintiff must plead to state a claim"; second, " identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth,'; and third, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 787 (quoting Iqbal, 556 U.S. at 675, 679). "Where the well-pleaded

4

facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679. If a civil rights complaint is subject to a Rule 12(b)(6) dismissal, a district court should allow the plaintiff to amend his pleading, unless an amendment would be inequitable or futile. Bosold v. Warden, Sci-Somerset, No. 11-4292, 2011 U.S. Dist. LEXIS 148774, at *29 (E.D. Pa. Dec. 28, 2011).

### 2. Pro Se Pleadings

A court must employ less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). When presented with a pro se complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). Even under liberal standards, however, pro se litigants are not relieved of the obligation to allege sufficient facts to support a valid legal claim. See, e.g., Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002). The Court has considered all of Plaintiff's submissions under these standards.

### III. DEFENDANTS' MOTION

Defendants argue that Plaintiff's Amended Complaint fails to adequately allege each Defendant's individual involvement in the identified violations, and fails to allege conduct that rises to the level of an 8th Amendment violation. Defendants further argue that Plaintiff has failed to state a claim for negligence, because negligence is not actionable in a Section 1983 suit.

#### a. Section 1983

Individual liability under Section 1983 requires a plaintiff to show that the individual defendant was personally involved in the alleged constitutional violations. Victorious v. Lanigan,

No. 15-6949, 2016 U.S. Dist. LEXIS 67193, at *17 (D.N.J. May 23, 2016) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). Generalized allegations that lump defendants together have been deemed insufficient. Van Tassel v. Piccione, 608 F. App'x 66, 70 (3d Cir. 2015); Milliner v. DiGuglielmo, No. 08-4905, 2011 U.S. Dist. LEXIS 62194, at *35 n.12 (E.D. Pa. June 7, 2011). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." Swerdon v. Maiorana, No. 16-00677, 2016 U.S. Dist. LEXIS 172093, at *12 (M.D. Pa. Dec. 12, 2016) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). "A defendant who supervised the wrongdoer but did not personally participate in the wrongful act is not liable under § 1983 on a theory of respondeat superior unless he personally directed or had actual knowledge of and acquiesced in the deprivation." Beckett v. Department of Corr., No. 10-0050, 2014 U.S. Dist. LEXIS 100890, at *39 (M.D. Pa. July 24, 2014).

The failure to afford adequate medical treatment is a violation of the Eighth Amendment when it results from "deliberate indifference to a prisoner's serious illness or injury." Estelle v. Gamble, 429 U.S. 97, 105, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976). Deliberate indifference requires that a defendant knew of and disregarded the existence of the risk. Enlow v. Beard, No. 11 - 856, 2012 U.S. Dist. LEXIS 63235, at *10 (W.D. Pa. Apr. 2, 2012). "Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement." Wallery v. Prison Health Servs., No. 13-0002, 2014 U.S. Dist. LEXIS 26168, at *7 (M.D. Pa. Feb. 28, 2014). "[A] prison official who disregards without justification the instructions of a medical professional regarding the care and treatment of an inmate, thereby subjecting the inmate to an excessive risk of serious

6

harm, may be liable under the Eighth Amendment." Doty v. City and County of Broomfield, 2013 U.S. Dist. LEXIS 144255, at *8 (D. Colo. Oct. 4, 2013). Assigning an inmate to a top bunk, under certain circumstances, can constitute an Eighth Amendment violation. See Cardona v. Cook, 2014 U.S. Dist. LEXIS 4567, 2014 WL 119436, at *3 (D. Utah Jan. 13, 2014).

Here, Plaintiff's Amended Complaint alleges facts that might give rise to a constitutional violation, but his allegations regarding the personal involvement of Defendants Guth, Christinni, and Gilmore are plainly insufficient. Defendant Guth is identified only as the signatory to the medical department's response to Plaintiff's grievance; Plaintiff does not allege that Guth played any role in or was aware of the bunk assignment, or disregard of Plaintiff's LB/LT status, that caused Plaintiff injury. Similarly, Plaintiff alleges that Defendant Christinni, a counselor, knew of his LB/LT status prior to his injury, but there is no allegation that Defendant Christinni was involved, whether by acquiescence or otherwise, in the bunk assignment. Indeed, Plaintiff does not aver that Christinni directed, acquiesced in, or knew about the disregard of LB/LT status after July 12, 2016. Finally, Defendant Gilmore is not alleged to have played any role in the circumstances surrounding the violation. While Plaintiff's Amended Complaint does specifically identify individuals who allegedly placed him in a top bunk despite being aware of his restrictions, those individuals are not named as defendants to this action. The averment that "everybody" was aware of Plaintiff's need for a bottom bunk, but disregarded that need, is too general to satisfy applicable standards.

Plaintiff's averments regarding Defendant Swartz are closer to the mark, but still fail to meet applicable pleading standards. He alleges that Defendant Swartz was the manager of unit E; that she knew that he had LB/LT status on July 12, 2016; and that he remained in a top bunk in unit E from July 12, 2016 until the time that he was injured as a result of top bunk placement.

7

He does not, however, allege that Defendant Swartz knew that Plaintiff's LB/LT status was disregarded after July 12, 2016, and failed to rectify or acquiesced the situation. Likewise, he does not allege that she directed or otherwise was involved in in his bunk assignment. Defendant Swartz's mere knowledge that Plaintiff had LB/LT status on July 12, 2016, taken as true, would not establish that she was personally involved in the constitutional violation at issue. In other words, Plaintiff has alleged, but has not "shown," that he is entitled to relief against Defendant Swartz.

For these reasons, Plaintiff's Section 1983 claims will be dismissed for failure to state a claim.[1] The deficiencies in the Amended Complaint, however, are patently amenable to cure. The pleading already bears a kernel of sufficiency, and Plaintiff has made substantial efforts to comply with this Court's August 15 Order. Therefore, Plaintiff will be afforded an opportunity to amend his pleading.

**b. Negligence**

Defendants argue that negligence is not cognizable in a Section 1983 action. In so doing, Defendants point to the principle that negligent conduct does not give rise to a constitutional violation; instead, a higher degree of mental culpability is required. Cf. Bates v. Morris, No. 15-780, 2016 U.S. Dist. LEXIS 40835, at *8 (W.D. Pa. Feb. 26, 2016). The Court agrees that Plaintiff cannot premise his Section 1983 claims on allegedly negligent conduct. Under the liberal standards applicable to pro se pleadings, however, it is plausible that Plaintiff intends to plead an alternative, supplemental state law claim for negligence.

---

[1] Although Defendants do not separately challenge Plaintiff's official capacity claims, the Court may address the claims sua sponte. Shipley v. First Fed. Sav. & Loan Assoc., 619 F. Supp. 421, 434 (D. Del. 1985). As stated in this Court's August 15 Order, state agencies are immune from suits for damages by virtue of the Eleventh Amendment to the United States Constitution. August 15 Order, p. 2 n. 2. Official capacity suits are merely another way of pleading an action against the officer's agency. Mathias v. York County, No. 16-01338, 2017 U.S. Dist. LEXIS 27409, at *18 (M.D. Pa. Feb. 28, 2017). If Plaintiff elects to file a second amended complaint, he should not bring claims against Defendants in their official capacities.

8

However, subject matter jurisdiction in this action is predicated on the presence of a federal question, pursuant to 28 U.S.C. § 1331; this Court's authority over state law negligence claims would be predicated on supplemental jurisdiction, pursuant to 28 U.S.C. § 1367. A district court may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367; Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000). Because Plaintiff's Section 1983 claims will be dismissed, there remain no claims over which this Court has original jurisdiction. There exist no affirmative justifications for retaining jurisdiction over supplemental claims. Accordingly, to the extent that Plaintiff intended to aver standalone state law negligence claims, the Court declines to exercise jurisdiction over those claims. Plaintiff's negligence claims will be dismissed, without prejudice to Plaintiff to assert such claims in an amended pleading.

## CONCLUSION

In conclusion, Plaintiff's deliberate indifference claims based on 42 U.S.C. § 1983 shall be dismissed as to all Defendants for failure to state a claim, because Plaintiff has not adequately identified how each named Defendant was involved in the alleged violation. Further, because his federal claims will be dismissed, the Court declines to exercise jurisdiction over Plaintiff's supplemental state law negligence claims. Plaintiff, however, may file an amended pleading within thirty days from the date of this Opinion, in an effort to cure the deficiencies identified in today's Opinion. Should he elect to amend his pleading, Plaintiff is advised that attaching all relevant grievance documents to his amended pleading is likely to aid the Court, and Defendants, in the assessment of that pleading.

The Court's consideration, at this juncture, is limited to the claims set forth in his Amended Complaint; the Court does not consider the propriety of any causes of action that are

not set forth in the Amended Complaint. Accordingly, the Court has not considered any claims or defendants that were first identified or named in Plaintiff's Brief in opposition to Defendants' Motion. If Plaintiff amends his pleading, he shall include all of his claims in the amended pleading. The caption to the amended pleading shall name each and every defendant against whom Plaintiff wishes to proceed, but shall name only those persons who are responsible for the alleged violations. If filed, a second amended complaint should stand on its own, and should not refer back to a prior pleading. Moreover, Plaintiff should separately state and identify each federal and/or state claim or cause of action that he intends to pursue. Plaintiff should not bring official capacity claims against any of the Defendants.

    An appropriate Order follows.

BY THE COURT:

s/Lisa Pupo Lenihan

Lisa Pupo Lenihan

United States Magistrate Judge

Dated: MARCH 29, 2018

cc:    Daryl E. Cameron
       LM 054
       S.C.I. Greene
       Waynesburg, PA 15370