IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARYL EUGENE CAMERON,)
)  Civil Action No. 17 – 816
Plaintiff,)
)  District Judge Arthur J. Schwab
v.)  Magistrate Judge Lisa Pupo Lenihan
)
CARLA SWARTZ, et al.,)
)
Defendants.)

## MEMORANDUM ORDER

Daryl Eugene Cameron ("Plaintiff") is a *pro se* inmate who is currently in the custody of the Pennsylvania Department of Corrections. He initiated this action by the filing of a Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) and his Complaint was docketed by the Clerk on August 1, 2017 (ECF No. 7). Plaintiff filed an Amended Complaint on August 28, 2017. (ECF No. 14.) On November 22, 2017, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 19) that was granted by Order of Court dated March 29, 2018 (ECF No. 23). Plaintiff was *sua sponte* granted permission to file a Second Amended Complaint to cure the deficiencies identified in the Court's Order (ECF No. 24), and he did so on April 23, 2018 (ECF No. 25). On July 18, 2018, Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 33) that was converted by the Court into a Motion for Summary Judgment on the issue of exhaustion of administrative remedies (ECF No. 35). Plaintiff filed a response in opposition to Defendants' Motion on October 10, 2018. (ECF No. 41.) The Motion

1

was referred to United States Magistrate Judge Lisa Pupo Lenihan pursuant to the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules of Court.

On October 25, 2018, the Magistrate Judge issued a Report and Recommendation ("R&R") wherein she recommended that Defendants' Motion be granted because Plaintiff failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"). (ECF No. 42.) The R&R was served on the parties and Plaintiff filed timely written Objections on October 25, 2018. (ECF No. 43.)

In resolving a party's objections, the Court conducts a *de novo* review of any part of the R&R that has been properly objected to. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. *Id.*

Plaintiff objects to the R&R on the basis that the Magistrate Judge did not apply the holding of Ross v. Blake, 136 S. Ct. 1850 (2016) when she stated that there was only "one, narrowly defined exception" to the rule requiring exhaustion. Specifically, the Magistrate Judge cited Camp v. Brennan, 219 F.3d 279 (3d Cir. 2000), a Third Circuit Court of Appeals case that held that the PLRA only requires prisoners to exhaust such administrative remedies "as are available." (ECF No. 42, p.5) (citing Camp). Plaintiff claims that the Magistrate Judge failed to recognize the holding of Ross, a recent Supreme Court case, which Plaintiff claims set forth three exceptions to the PLRA's mandatory exhaustion requirement. Plaintiff, however, is mistaken. In Ross, the Supreme Court noted that the *only limit* to the PLRA's mandate "is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available[,]'" and it *held* that courts may not create a "special circumstances" exception to the PLRA's exhaustion requirement. 136 S. Ct. at 1862. Plaintiff is correct in one sense though,

2

there have been certain circumstances where courts have found the administrative process "unavailable" to prisoners, but these are not "exceptions" to the PLRA's mandatory exhaustion requirement. For example, in Ross the Supreme Court identified three factual scenarios where the administrative process was considered "unavailable" to prisoners: (1) "when (despite what regulations or guidance materials may promise) it operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates[,]" id. at 1859 (citing Booth v. Churner, 532 U.S. 731, 736, 738 (2001)); (2) when it is "essentially 'unknowable' – so that no ordinary prisoner can make sense of what it demands[,]" id. at 1860 (citing Goebert v. Lee County, 510 F.3d 1312, 1323 (11th Cir. 2007) and Turner v. Burnside, 541 F.3d 1077, 1084 (11th Cir. 2008)); and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation[,]" id. (citing Woodford v. Ngo, 548 U.S. 81, 102 (2006); Davis v. Hernandez, 798 F.3d 290, 295 (5th Cir. 2015); Schultz v. Pugh, 728 F.3d 619, 620 (7th Cir. 2013); Pavey v. Conley, 663 F.3d 899, 906 (7th Cir. 2011); Tuckel v. Grover, 660 F.3d 1249, 1252-1253 (10th Cir. 2011); Goebert v. Lee County, 510 F.3d 1312, 1323 (11th Cir. 2007)). These, however, are all instances when courts have considered the administrative process "unavailable" to inmates, which is the only exception to the PLRA's exhaustion requirement as correctly noted by the Magistrate Judge in her R&R when she cited to Camp.

Relying on Ross, Plaintiff claimed that he was prevented from exhausting his administrative remedies, but the Magistrate Judge addressed his arguments and found that he was not. There is nothing in his Objections that would cause the Court to overrule the Magistrate Judge. Furthermore, Plaintiff's alleged mental infirmity, hearing impairment and chronic leg and back pain did not render the administrative process unavailable to him. These conditions

3

obviously did not prevent Plaintiff from filing grievances or appealing those grievances, so it is not credible that they somehow prevented him from filing a proper final appeal.

After careful *de novo* review, the following Order is now entered.

**AND NOW**, this 8th day of November, 2018;

**IT IS HEREBY ORDERED** that the R&R of the Magistrate Judge (ECF No. 42) is adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 33) that has been converted into a Motion for Summary Judgment on the issue of Plaintiff's exhaustion of administrative remedies (ECF No. 35) is granted.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case closed.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

By the Court:

Arthur J. Schwab
United States District Judge

cc: Daryl Eugene Cameron
LM 0524
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

Counsel for Defendants
(*Via CM/ECF electronic mail*)